IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSABLANCA MONIQUE HAYES, | § | |
| #22017651, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 3:22-cv-01641-B (BT) |
| | § | |
| DALLAS COUNTY JAIL, et al., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Rosablanca Monique Hayes, a state pretrial detainee, filed this *pro se* civil rights action under 42 U.S.C. § 1983 in the Lubbock Division of the Northern District of Texas. The Lubbock court transferred the action here because Hayes complained about various conditions of her confinement in the Dallas County Jail, which lies in the Dallas Division of the Northern District of Texas. Because Hayes seeks "release [from imprisonment] on a personal recognizance" bond, the Court should construe this action as a petition for writ of habeas corpus under 28 U.S.C. § 2241 and dismiss it for failure to exhaust state court remedies. Am. Pet. 4 (ECF No. 6); *see Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (citing *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)).

I.

Hayes is a pretrial detainee awaiting trial at the Dallas County Jail. *See* Am. Pet. 4 (ECF No. 6). She has been charged with aggravated assault

with a weapon and the possession of less than two ounces of marijuana. www.dallascounty.org (last visited Aug. 2, 2022). Hayes argues that the arresting officers failed to provide her with *Miranda* warnings. As relief, she seeks to be released on a personal recognizance bond.

II.

Pretrial petitions, like Hayes's, are properly brought under § 2241, which applies to a person in custody, regardless of the present status of the case pending against that person or whether a court has rendered a final judgment. *See Stringer*, 161 F.3d at 262. But a state pretrial detainee must fully exhaust available state remedies before seeking federal habeas relief. *See Dickerson*, 816 F.2d at 225 (addressing a § 2241 filed by a state pretrial detainee). And exhaustion under § 2241 requires that a state pretrial detainee fairly present her claims to the state courts. *Id.* at 228. In Texas, this involves submitting the factual and legal basis of any claim to the Texas Court of Criminal Appeals (CCA). *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). An exception may exist where there is an absence of available state corrective measures available or "exceptional circumstances of peculiar urgency" make any such process ineffective to protect the petitioner's rights. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (quoting *Ex Parte Hawk*, 321 U.S. 114, 118 (1944)).

Here, Hayes cannot demonstrate that she exhausted her state court remedies prior to filing her § 2241 petition. In her petition, she does not

mention the exhaustion of her claims in state court. Further, an independent review of the Texas CCA's website reveals that Hayes has not presented her claims to the Texas CCA. Consequently, her petition should be dismissed.

### III.

Last, Hayes includes other claims in her filings that suggest she intends to bring a civil rights action under § 1983. Specifically, she argues that she has not received a response from her appointed attorney or the courts regarding her case. Hayes further argues that the food at Dallas County Jail is inadequate, and the sanitation is insufficient. She contends that the officers harass the inmates. Hayes further contends that she has only limited access to the courts. Hayes alleges that surveillance is being conducted at Dallas County Jail through secure technology. As relief, she seeks policy changes "for the betterment of all detainees." Am. Pet. 4 (ECF No. 6).

"[N]either habeas nor civil rights relief can be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Hilliard v. Bd. Of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985) (quoting *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)). When a favorable determination of the prisoner's claims would not automatically entitle him to accelerated release, the suit should be analyzed

3

as a civil rights claim. *Orellana v. Kyle,* 65 F.3d 29, 31 (5th Cir. 1995). Here, Hayes's civil rights claims will be severed from her § 2241 habeas action

IV.

For the foregoing reasons, the Court should dismiss Hayes's § 2241 petition without prejudice for failure to exhaust state court remedies.

Additionally, the Court SEVERS Hayes's civil claims from this habeas action filed under § 2241 and directs the Clerk of Court to open a new civil rights case (nature of suit 550) for the now-severed claims and file a copy of this order in that case. The new case should be assigned to the same District Judge and Magistrate Judge as this habeas case. Finally, all future pleadings related to the severed civil rights matter should be filed in the new case.

Signed September 12, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).